Dear Sheriff Goss:
Your request for an Attorney General's Opinion was forwarded to me for research and reply. In particular, you have asked the following questions:
 1) How are funds from fines and forfeitures disbursed when violation of a state statute occurs within the territory of a municipality with a Mayor's court, but it is the district court for that territory which imposes the fine?
 2) If the municipality has adopted state misdemeanor statutes as municipal ordinances, does this affect the outcome of (1)?
The statutes which govern this area are complex and too voluminous to reproduce in this opinion. However, the provision relative to your first question is La. R.S. 15:571.11, which states in pertinent part:
 A.(1)(a) All fines and forfeitures, except for forfeitures of criminal bail bonds posted by commercial security, imposed by district courts
and district attorneys, conviction fees in criminal cases, and prosecutions for violations of state law or parish ordinances, . . . shall be paid into the treasury of the parish in which the court is situated and deposited in a special `Criminal Court Fund' account . . . (emphasis added)
Thus, as a general rule, when a district court imposes fines for violations of state or parish law, those funds must be paid into the parish criminal court fund. However, if the state statute which is violated is La. R.S. 14:98 (driving while intoxicated), there is a separate set of rules. La. R.S.13:1894.1 governs the disbursal of funds acquired via prosecution under La. R.S. 14:98. The provisions of La. R.S. 13:1894.1 were clarified by this office in Attorney General's Opinion No. 94-199. You stated that the municipality in question has a Mayor's court, but no city court. Thus, regarding your question, Opinion No. 94-199 held:
 . . . if La. R.S. 14:98 is violated within the territorial limits of a city or municipality not having a city court, then:
 `All said fines, forfeitures, and penalties collected by the district court wherein said prosecution is actually brought shall be distributed and disbursed by said court to the governing authority of the municipality within those boundaries where said violation occurred.' (La. R.S. 13:1894.1 (C)(1))
Therefore, since the municipality in question does not have a city court, then the funds from D.W.I. prosecutions should be paid to the governing authority of that municipality. Again, fines for non-D.W.I. offenses are paid to the parish criminal court fund.
Your second question asks whether the above conclusions are affected if a municipality adopts state statutes as municipal ordinances. The proper inquiry is not whether the municipal ordinance was violated, but whether the fines in question resulted from prosecution for that violation. La. R.S. 15:571.11
controls the disbursal of funds which are acquired from prosecution for violation of a municipal ordinance:
 (2) All fines and forfeitures, except for forfeitures of criminal bail bonds posted by a commercial surety, imposed by district courts . . . for violations of municipal ordinances shall be disbursed as follows, except in the case of violations of any of the provisions of Title 32 of the Louisiana Revised Statutes of 1950, wherein such proceeds shall be distributed in accordance with Subparagraph A(1)(a) of this Section:
 (a) Twelve percent thereof shall be remitted to the office of the district attorney.
 (b) Twelve percent shall be remitted to the sheriff's general fund.
 (c) The remainder shall be transmitted to the municipality for deposit in its treasury. (emphasis added)
So, in response to your second question, if there is a prosecution in district court for violation of a municipal ordinance (whether it duplicates a state statute or not), the municipal treasury receives 76% of the funds which result therefrom.
Therefore, it is the opinion of this office that when a district court handles the prosecution for a non-D.W.I. violation of a state statute, the resulting funds must be deposited into the parish treasury. However, if the prosecution is for a D.W.I. that occurred within the territorial limits of a municipality in which a city court is not present, the funds must be disbursed to the governing authority for that municipality. Finally, if there is a prosecution in district court for violation of a municipal ordinance, the municipal treasury receives 76% of the resulting funds.
I hope this opinion has adequately addressed your questions. If this office may be of further assistance, please do not hesitate to contact us. With warmest regards, I remain
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: __________________________ ANN EVANS WHITTINGTON Assistant Attorney General